IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LARRY CORMIER, | § | |
| TDCJ #775042, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-08-1799 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

Petitioner Larry Cormier (TDCJ #775042) is an inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ"). Cormier has filed a petition for a federal writ of habeas corpus under 28 U.S.C. § 2254, seeking relief from a 1996 state court conviction. At the Court's request, Cormier has filed a supplemental memorandum. (Doc. # 5). After reviewing all of the pleadings as required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that this case must be **dismissed** with prejudice for reasons set forth below.

## I. BACKGROUND

Cormier was convicted by a jury in the 155th District Court of Fayette County, Texas, on October 23, 1996, of delivery of a controlled substance, namely, cocaine, in cause number 96-CR-025. As a result, Cormier received a twenty-year prison sentence. The conviction

was affirmed on direct appeal.  *See Cormier v. State*, 955 S.W.2d 161 (Tex. App. — Austin 1997, no pet.).  Sometime thereafter, Cormier was released on parole.  Cormier, whose parole was reportedly revoked in July of 2006, is presently in custody at the Wynne Unit in Huntsville.

Cormier does not challenge his parole revocation here.  Likewise, he does not challenge his 1996 conviction for delivery of a controlled substance in cause number 96-CR-025.  Instead, Cormier seeks a federal writ of habeas corpus under 28 U.S.C. § 2254 to challenge a separate 1996 conviction for delivery of a controlled substance in cause number 96-CR-072, which he claims is "unlawful."  Cormier, who reportedly received a sentence of "time-served" in that case, appears to claim that this conviction is invalid because he did not agree to the sentence.  Cormier contends further that this "unadjudicated offense" was used improperly against him at his trial in cause number 96-CR-025.  The Court concludes that Cormier is not entitled to relief for reasons discussed further below.

## II.   DISCUSSION

In an order dated June 11, 2008, the Court instructed Cormier to supplement his petition with specific allegations showing that he is "in custody" pursuant to the challenged conviction in cause number 96-CR-072 for purposes of federal habeas corpus review. Federal habeas corpus statutes give the United States district courts jurisdiction to entertain petitions for habeas corpus relief only from persons who are "*in custody* in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3) (emphasis added).

2

The United States Supreme Court has held that a petitioner is not "in custody" for purposes of the federal habeas corpus statutes once his sentence has fully expired. *Maleng v. Cook*, 490 U.S. 488, 492 (1989). As noted above, Cormier reports that he received a sentence of "time-served" as a result of the conviction at issue in cause number 96-CR-072. Because the sentence that Cormier seeks to challenge was discharged long ago, this Court lacks subject matter jurisdiction to determine the legality of that conviction. *See id.* at 492-93.

Cormier does not dispute that the sentence he seeks to challenge in cause number 96-CR-072 has been discharged. In his supporting memorandum, however, Cormier appears to allege that he is technically in custody because the conduct at issue in the 1996 conviction that he received in 96-CR-072 was used during the punishment phase of his trial to enhance his sentence in cause number 96-CR-025. Even if Cormier's conviction in 96-CR-072 was used to enhance the punishment that he received in cause number 96-CR-025, review of his present federal habeas petition is still barred because the conviction in that case is no longer open to attack. *See Cormier v. Cockrell*, Civil No. H-01-3275 (S.D. Tex. Oct. 26, 2001) (dismissing the petition as untimely filed); *Cormier v. Dretke*, Civil No. H-04-0528 (S.D. Tex. March 30, 2004) (dismissing the petition as successive). Under these circumstances, the Supreme Court has recognized that such a conviction is "conclusively valid" for purposes of enhancing an offender's punishment:

> [O]nce a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction

may be regarded as conclusively valid. . . .  If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.

*Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 403-04 (2001) (internal quotation to *Daniels v. United States*, 523 U.S. 374, 121 S. Ct. 1578, 1583 (2001) omitted).

Because the conviction that Cormier seeks to challenge is conclusively valid, his petition fails to state a cognizable claim over which this Court has jurisdiction.[1]  *See Coss*, 532 U.S. at 403-04; *Godfrey v. Dretke*, 396 F.3d 681 (5th Cir. 2005).  For this reason, the petition is subject to dismissal for lack of jurisdiction.

The petition fails for alternative reasons.  In its order dated June 11, 2008, the Court also instructed Cormier to supplement his petition with specific allegations showing that his challenge to the 1996 conviction and sentence in cause number 96-CR-072 was timely under the governing one-year statute of limitations found in 28 U.S.C. §2244(d)(1).  Cormier makes no effort to show that his petition was timely filed or that he is entitled to any tolling.  Accordingly, Cormier's challenge to the sentence imposed in 1996 is barred by the statute of limitations.

---

[1]  There is an exception to the rule of conclusive validity for enhancement convictions that were obtained in violation of the right to counsel as set forth in *Gideon v. Wainwright*, 372 U.S. 335 (1963).  *See Coss*, 532 U.S. at 404 (setting out the exception for enhancement convictions obtained in violation of *Gideon*).  The pleadings filed by Cormier reflect that he was represented by counsel during his 1996 proceeding.  Because Cormier was represented by counsel, he does not fit within the exception for convictions obtained in violation of *Gideon*.

4

Likewise, it appears that Cormier's challenge to his 1996 conviction and sentence in cause number 96-CR-072 was rejected on state habeas corpus review.  *See Ex parte Cormier*, No. 45,352-05 (Tex. Crim. App. Aug. 8, 2007).  Assuming that Cormier's claims were adjudicated on the merits, he does not allege or show that he is entitled to relief under the governing standard of review found in 28 U.S.C. § 2254(d).

Moreover, to the extent that the pleadings filed by Cormier attack the validity of the conviction and twenty-year sentence that he received in cause number 96-CR-025, such a challenge is barred by the prohibition against unauthorized second or successive writ applications found in 28 U.S.C. § 2244(b) because Cormier has filed more than one prior federal habeas corpus application to contest that conviction.  *See Cormier v. Cockrell*, Civil No. H-01-3275 (S.D. Tex. Oct. 26, 2001) (dismissing the petition as untimely filed); *Cormier v. Dretke*, Civil No. H-04-0528 (S.D. Tex. March 30, 2004) (dismissing the petition as successive).  For all of the foregoing reasons, Cormier's petition must be dismissed.

## III.   **CERTIFICATE OF APPEALABILITY**

Because the habeas corpus petition filed in this case is governed by the AEDPA, a certificate of appealability is required before an appeal may proceed.  *See* 28 U.S.C. § 2253; *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability).  "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of

appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The Court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether the petitioner has stated a valid claim.  Accordingly, to the extent that one is needed, a certificate of appealability will not issue in this case.

IV.     **CONCLUSION**

Based on the foregoing, he Court **ORDERS** as follows:

1.      This federal habeas corpus proceeding is **DISMISSED** with prejudice.

2.      A certificate of appealability is **DENIED**.

The Clerk shall send a copy of this order to the petitioner.

SIGNED at Houston, Texas, on July 15th, 2008.

Nancy F. Atlas
United States District Judge

6